**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**DEQUAN ALLEN**                                                                                **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 2:20-cv-129-KS-MTP**

**BULK LOGISTICS, INC. and**
**TIMOTHY WHITFIELD**                                                            **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This cause came before the Court on the Motion to Remand [6] filed by Plaintiff, Dequan Allen. The Defendants have responded [10], [11], and Plaintiff filed a reply [13]. Having reviewed the parties' submissions and the relevant legal authorities, and otherwise being duly advised in the premises, the Court finds the Motion to Remand should be denied.

**I. BACKGROUND**

Plaintiff filed his Complaint in state court on May 12, 2020, alleging negligence against the Defendants, which arose from an automobile accident that occurred in October 2019. Plaintiff was rear-ended and alleged that he suffered personal injuries, including, but not limited to, "whiplash and soft tissue injuries to his body, and general overall soreness and stiffness." [1-2] at ¶ 8. Plaintiff alleged that he required emergency treatment and suffered from present and future pain and suffering and may require future medical care. *Id*. Plaintiff also claims a loss of benefits and that his vehicle was a total loss. *Id*. at ¶¶ 9, 10. Plaintiff's Complaint did not seek a specific dollar amount of damages, nor did it contain any statement regarding a jurisdictional amount of damages.

Bulk Logistics, Inc. was served on May 18, 2020, and Defendant Whitfield was served on May 28, 2020. [3] at p. 13. No notice of removal was filed within thirty days of service on either

Defendant. On June 12, 2020, there was an email exchange, wherein Plaintiff's counsel conveyed that Plaintiff wanted "at least $100,000 in his pocket" to resolve the case. [10-1]. On July 13, 2020, Defendants filed their Notice of Removal based on diversity jurisdiction [1]. On August 11, 2020, Plaintiff filed this motion seeking remand.

In his motion, Plaintiff does not dispute that the parties are diverse or that he seeks over $75,000 in damages. He contends, however, that the amount in controversy was apparent from the face of the Complaint filed on May 12, 2020 and that, therefore, the case is due to be remanded since the July 13, 2020 removal was not timely filed within the thirty days required by 28 U.S.C. 1446(b)(1). Defendants argue that the amount in controversy was not apparent from the face of the Complaint and that it was not until Defendants received the post-Complaint demand of at least $100,000 on June 12, 2020 that they became aware that the case was removable; therefore, the July 13, 2020 Notice of Removal was timely. As such, the sole issue for resolution is whether the Notice of Removal was timely.

## II. DISCUSSION

With regard to timing, the removal statute states, in relevant part, as follows:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whatever period is shorter. . . .

[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (3).

Stated simply, "if the initial pleading sets forth a claim that triggers the removal clock, the defendant must file notice of removal within thirty days of receiving it. If the initial pleading did not trigger the thirty-day removal clock, a notice of removal must be filed within thirty days of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable." *Mumfrey v. CVS Pharmacy, Inc*., 719 F.3d 392, 397, 398 (5th Cir. 2013). Plaintiff maintains that his original Complaint was removable. Although he did not demand a specific dollar amount or any sort of minimum or maximum recovery sought, he asserts that it was nevertheless clear from the damages alleged that the amount in controversy exceeded $75,000. The Court disagrees because this is not the test in the Fifth Circuit in a "timeliness dispute."

**A. Legal Standard**

The Fifth Circuit has recognized two types of removal disputes—"amount disputes" and "timeliness disputes." *Mumfrey*, 719 F.3d at 398. "Amount dispute" cases are those where a defendant removes a case within thirty days of receiving a pleading, but before the amount in controversy is clearly established—and the plaintiff moves to remand, objecting that the amount in controversy has not been met. *Id*. In that situation, the defendant must prove by a preponderance of the evidence that the amount-in-controversy requirement is satisfied and can do so where the jurisdictionally required amount in controversy is "facially apparent," albeit not expressly stated. *Id*. at 398, 400.

A "timeliness dispute" occurs when the defendant does not remove during the initial thirty-days after receiving the initial pleading, but rather removes under § 1446(b)(3) within thirty days of receiving some amended pleading or "other paper." *Mumfrey*, 719 F.3d at 398.  In this type of dispute, the plaintiff objects, arguing that it was clear from the initial pleading that

the case was removable, which makes the defendant's removal untimely. *Id*. The type of dispute is important because different standards apply to each. *Id*.

Regarding timeliness disputes, the Fifth Circuit has held that the initial thirty-day removal period under § 1446(b)(1) "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). Such a rule, the *Chapman* court held, "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Id.*

The plaintiff in *Chapman*, citing a case from the Eastern District of Michigan, had urged the Court to adopt a rule that when a complaint contains an indeterminate amount of damages but the defendant subjectively knows, or in the exercise of due diligence should have known, that the amount in controversy exceeds the jurisdictional limit of the court, the defendant must remove the case within thirty days of its receipt of the initial pleading. 969 F.2d at 162. The court flatly rejected such a rule, explaining that such a rule

> would needlessly inject uncertainty into a court's inquiry as to whether a defendant has timely removed a case, and as a result would require courts to expend needlessly their resources trying to determine what the defendant knew at the time it received the initial pleading and what the defendant would have known had it exercised due diligence. Moreover, [such a] rule . . . would encourage defendants to remove prematurely cases in which the initial pleading does not affirmatively reveal that the amount in controversy is in excess of [$75,000] so as to be sure that they do not accidentally waive their right to have the case tried in a federal court. We believe the better policy is to focus the parties' and the court's attention on what the initial pleading sets forth, by adopting a bright line rule *requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount.*

*Id*. at 163 (emphasis added); *see also Mumfrey*, 719 F.3d at 399 (affirming the viability of

*Chapman's* "bright line" rule); *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 210 (5th Cir. 2002) (also affirming Chapman's "bright line" rule).[1]

### B. Analysis

Unfortunately, neither of the parties have addressed the fact that this is a timeliness dispute and that the standard set forth in *Chapman*, and affirmed in *Mumfrey*, controls in this case. In his Complaint, Plaintiff did not affirmatively state a precise amount of damages sought, nor did he affirmatively allege that he was seeking more than $75,000. Plaintiff argues that the "Defendants were on notice that the amount in controversy exceeded the jurisdictional requirement ($75,000) due to the nature of the accident including the severity of Plaintiff's mangled property damage, accident photographs, injuries sustained and damages alleged in the Complaint." [7] at p. 2. However, Plaintiff fails to acknowledge the holding in *Chapman* and how the court "specifically declined to adopt a rule which would expect defendants to 'ascertain[] from the circumstance[s] and the initial pleading that the [plaintiff] was seeking damages in excess of the minimum jurisdictional amount.'" *Mumfrey*, 719 F.3d at 399 (quoting *Chapman*, 969 F.2d at 163).

Plaintiff argues that his listing of damages made it "facially apparent" that the amount in controversy exceeded $75,000, which then triggered the removal clock upon receipt of the pleading. However, the application of the "facially apparent" test to timeliness cases was

---

[1] The court in *Mumfrey*, in reaffirming *Chapman*, examines the *Bosky* case, explaining why the statement in *Bosky*, that unspecified damages amounts when combined with other unspecified damages claims can provide sufficient notice that an action is removable, is simply incorrect because *Bosky* cited two "amount dispute" cases in support of its statement, neither of which dealt with triggering the removal clock. 719 F.3d 392, 399-400.

specifically rejected by the Fifth Circuit in *Mumfrey*,[2] and thus, this Court declines to conduct

such analysis.[3] Under *Chapman*'s bright line rule, what must appear on the face of the complaint

is a specific allegation that conveys that the damages exceed $75,000 in order to trigger the

removal clock upon receipt of the pleading.  Plaintiff is correct that he is not required to plead an

actual dollar amount in his complaint, but as the Fifth Circuit explained in *Chapman* and

*Mumfrey*, if a plaintiff wishes to trigger the removal clock from the date of service of the

Complaint, while there need not be a *specific dollar amount*, there needs to be some sort of

allegation that the damages exceed the jurisdictional limit. For example, Plaintiff could have

simply pled that he seeks "not less than $100,000," as the June 12, 2020 email states.

Because Plaintiff's original Complaint in this case does not contain a specific allegation

that damages are in excess of the federal jurisdictional amount, the case was not removable, and

the removal clock was not triggered until Defendants received a copy of an "amended pleading,

motion, order, or other paper from which" it was first ascertainable that the case was removable.

*See Mumfrey*, 719 F.3d at 400; *Self v. Hayes*, No. 3:16-cv-535, 2016 WL 9414141 at *3 (S.D.

Miss. Aug. 4, 2016). The Defendants received such a document in the email sent on June 12,

2020, wherein counsel indicated that Plaintiff "wants at least $100k in his pocket." [10-1].

Plaintiff does not dispute that the email constitutes a valid "other paper," and it is well

---

[2]  *See Mumfrey*, 719 F.3d at 400. To the extent this Court has previously utilized the "facially apparent" test in timeliness cases, the Court will refrain from making that legal oversight in the future. For example, in *Calhoun v. Group Contractors, LLC*, this Court acknowledged *Chapman* for the fact that the time for removal begins to run when a "pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court," but it did not utilize the "bright line rule." 2:12-cv-70, 2012 WL 2327704 at *2 (S.D. Miss. June 19, 2010) Rather, this Court found that the allegations did not make it facially apparent that the damages exceeded $75,000. *Id*. Contrary to Plaintiff's protestation that this Court's decision in *Calhoun* was wrong and would have been reversed on appeal, [13] at p. 3, this Court did reach the right result, just not under the proper standard. Granted, it was decided prior to the clarification and affirmation of the bright line rule in *Mumfrey*.
[3] The Court acknowledges that Plaintiff cites a number of district court cases from Texas that were decided prior to *Mumfrey*. For example, Plaintiff cites *Cordova v. Fleet Source Transportation Services, Inc*., No. C-06-349, 2006 WL 2706770 (S.D. Tex. Sept. 18, 2006). [7] at p. 5. While *Cordova* is a "timeliness case," the Court finds that the Texas court failed to recognize the distinction between timeliness and amount disputes and did not adequately rely on *Chapman*. The Court declines to spend time and energy distinguishing Texas district court cases when the Fifth Circuit law is clear on timeliness cases.

established that a post-complaint settlement demand or offer is an "other paper" that can support removal. *See Addo v. Globe Life & Accident Ins. Co*., 230 F.3d 759, 761-762 (5th Cir. 2000). Having received such "other paper" on June 12, 2020, the Notice of Removal filed on July 13, 2020 was timely.[4]

Finally, Plaintiff argues that because the Defendants received the email within the original thirty-day window under 1446(b)(1), Defendants should be barred from removing the case because they sat on their rights and could have removed the case within that window and avoided remand altogether. Plaintiff has cited no case law for such a proposition. In addition, such a ruling not only would be illogical under a plain reading of the removal statute but also would render §1446(b)(3) moot if any amended pleading or other paper was received during the initial thirty-day deadline. The statute is clear: if the initial Complaint was not removable, a new thirty-day period of removability is initiated upon receipt of a document "from which it may first be ascertained that the case is one which is or has become removable." 42 U.S.C. §1446(b)(3); *Mumfrey*, 719 F.3d at 399. This second period of removability begins to run regardless of when the receipt of the document occurs, whether it be on the fourth *day* or the fourth *month* after service of the Complaint. Because the Complaint in this case was not initially removable, the second removal clock was triggered upon receipt of the email regardless of the fact that it was received within thirty-days of service of the Complaint.

## III. CONCLUSION

Under the standard set forth in *Chapman v. Powermatic, Inc*., 969 F.2d 160 (5th Cir. 1992), Plaintiff's Complaint was not initially removable. Defendants' Notice of Removal, filed

---

[4] The thirtieth day fell on a Sunday; thus, the deadline became Monday, July 13, 2020. *See* Fed. R. Civ. P.

after receipt of an email verifying that the damages will exceed the threshold federal jurisdictional amount, was timely. Consequently, Plaintiff's Motion to Remand is DENIED.

SO ORDERED AND ADJUDGED this 10th day of September 2020.

/s/ Keith Starrett _____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

6(a)(1)(C).